## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARQUESE LEWIS,
              Appellant,

       v.

DEPARTMENT OF DEFENSE,
              Agency.

DOCKET NUMBER
DC-1221-16-0695-W-2

DATE: May 6, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

David Fallon, Esquire, Albany, New York, for the appellant.

Elizabeth E. Pavlick, Esquire, and Lundi Shafiei, Esquire, Washington,
    D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision's analysis of the agency's clear and convincing burden but otherwise AFFIRM the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the Washington Regional Office for further adjudication in accordance with this Remand Order.[2]

## BACKGROUND

The appellant transferred from the Department of Transportation to the agency's Washington Headquarters Services (WHS) in November 2014 as a GS-13 Strategic Communications Specialist. *Lewis v. Department of Defense*, MSPB Docket No. DC-1221-16-0695-W-1, Initial Appeal File (IAF), Tab 1 at 1, Tab 7 at 75; Hearing Transcript (Oct. 16, 2017) (HT1) at 8-9 (testimony of the appellant). The appellant worked for the WHS Corporate Communications Division (CCD) from November 2014, until her June 2015 management-directed reassignment to the Boards, Commissions, and Task Forces (BCTF) Support Division. IAF, Tab 6 at 68-70, Tab 7 at 75.

In June 2015, the appellant filed a complaint with the Office of Special Counsel (OSC) in which she alleged retaliation for whistleblowing. IAF, Tab 5 at 16-22. The appellant alleged that she made protected disclosures on or around December 19, 2014, to the WHS Acting Deputy Director and, in January 2015, to her first-line supervisor, A.D., that her former first-line supervisor, K.Y., engaged in timecard falsification and that agency contractors falsified their time and disregarded policies concerning work assignments. *Id.* at 16-22, 51-56. The appellant alleged that the agency took the following actions in retaliation for her disclosures: (1) terminated her during her probationary period on April 30, 2015;[3] (2) issued her a letter of reprimand (LOR) on June 9, 2015, after her reinstatement; (3) reassigned her in June 2015 from the CCD at the Pentagon to

---

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of title 5 of the United States Code. Our disposition of this matter would be the same under both pre- and post-NDAA law.

[3] The agency subsequently rescinded the probationary termination after realizing that the appellant had constitutional due process rights. IAF, Tab 6 at 5.

the BCTF at the Mark Center (which added approximately 30 minutes to her daily commute) and removed some communications duties from her upon her reassignment to the BCTF; (4) lowered her performance appraisal;[4] and (5) forced her to take 80 hours of leave without pay (LWOP) because of the hostile work environment in the CCD. IAF, Tab 5 at 16-22, 27-30, 32-34, Tab 6 at 16-70.

On May 24, 2016, OSC terminated its inquiry into her complaint and apprised her of Board appeal rights. IAF, Tab 1 at 13-15. The appellant timely filed this IRA appeal on June 29, 2016. IAF, Tab 1. The administrative judge found that the Board has jurisdiction over this IRA appeal and set a hearing for October 2017. IAF, Tab 14 at 1-3, Tab 30. The administrative judge dismissed the appeal without prejudice based on the parties' scheduling conflicts, IAF, Tab 32 at 1-3, and "reopen[ed]"[5] the appeal on September 29, 2017, *id.* at 2; *Lewis v. Department of Defense*, MSPB Docket No. DC-1221-16-0695-W-2, Appeal File (W-2 AF), Tab 1.

After a hearing, the administrative judge denied the appellant's request for corrective action.[6] W-2 AF, Tabs 12-13, Tab 14, Initial Decision (ID) at 2, 28. The administrative judge found that two of the appellant's three disclosures were protected by Federal whistleblower laws—alleged time card falsification by K.Y., her former CCD first-line supervisor, and alleged creation of a hostile work

---

[4] The appellant worked for the Department of Transportation before joining the agency in November 2014, HT1 at 8-9, so this was her first performance appraisal at WHS, IAF, Tab 6 at 62-67. The appellant received an overall Fully Successful rating and a $520 performance award. *Id.* at 66. The record does not reflect her overall performance ratings at the Department of Transportation.

[5] It appears that the administrative judge intended to "refile," rather than "reopen," the appeal because administrative judges lack the authority to "reopen" or "reinstate" an appeal. *See Carroll v. Office of Personnel Management*, 114 M.S.P.R. 310, ¶ 9 (2010).

[6] Immediately preceding the first day of the hearing, the administrative judge allowed the appellant to raise a claim that she disclosed that her CCD first-line supervisor, A.D., engaged in an abuse of authority by creating a hostile work environment. ID at 2 n.2. The agency objected to the appellant's request, but the administrative judge found that the appellant exhausted this disclosure with OSC before filing the IRA appeal. *Id.* (citing IAF, Tab 5 at 89-91). The agency does not challenge this ruling on review. Petition for Review File, Tab 5.

environment by A.D., her then-CCD first-line supervisor. ID at 5-12, 15-17. The administrative judge found that the appellant's disclosure that agency contractors disregarded policies related to work assignments was not a protected disclosure but a debatable policy disagreement. ID at 12-15. The administrative judge further found that the appellant's two protected disclosures were a contributing factor in the five personnel actions at issue, ID at 17-18, but that the agency met its burden to show by clear and convincing evidence that it would have taken all of the personnel actions even absent the appellant's protected whistleblowing, ID at 18-28.

The appellant has timely filed a petition for review,[7] the agency has responded in opposition, and the appellant has filed a reply to the agency's response.[8] Petition for Review (PFR) File, Tabs 3, 5-6.

### DISCUSSION OF ARGUMENTS ON REVIEW

Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence.[9] *Salerno v. Department of the Interior*, 123 M.S.P.R.

---

[7] The appellant requested an extension of time to file her petition for review, which the Office of the Clerk of the Board granted. Petition for Review File, Tabs 1-2.

[8] In her reply brief, the appellant raises a new argument and asserts that the agency conceded in its closing summation that it terminated her during her probationary period because it initially believed that she was a "whistleblower[.]" PFR File, Tab 6 at 14. We have reviewed both the hearing transcript and the hearing recording and, although agency counsel does use the word "whistleblower," it is clear from the context and the rest of the agency counsel's statement that she meant to say "probationer." Hearing Transcript (Oct. 17, 2017) at 406-07 (statement of agency counsel); W-2 AF, Tab 13. In any event, statements made by an agency representative during a closing argument are generally not evidence. *See Hartsock-Shaw v. Office of Personnel Management*, 107 M.S.P.R. 17, ¶ 10 (2007). Moreover, a reply brief is limited to the issues raised by another party in the response to the petition for review. 5 C.F.R. § 1201.114(a)(4). This issue was not raised in the agency's response. Therefore, we have not considered this argument as part of our analysis. *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015) (declining to consider new arguments first raised in a reply brief.)

[9] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested

230, ¶ 5 (2016). If the appellant makes such a showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the disclosure.[10] *Id.*; *see* 5 U.S.C. § 1221(e)(2) (setting forth the agency's clear and convincing evidentiary burden). The Board will consider the following factors to determine if an agency has met this burden: (1) the strength of the agency's evidence in support of the action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (recognizing that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion").

On review, the appellant does not challenge the administrative judge's finding that her disclosure about agency contractors disregarding policies about work assignments was not protected, considering that the administrative judge found that she otherwise established a prima facie case of whistleblower reprisal. PFR File, Tab 3 at 15-16. The agency has not filed any cross-petition for review to challenge the administrative judge's findings that the appellant established a prima facie case of whistleblower reprisal, and we find no basis to disturb these well-reasoned findings. ID at 4-18; *see Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

---

fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[10] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. It is a higher standard than preponderance of the evidence. 5 C.F.R. § 1209.4(e).

The only dispositive issue on review is whether the agency proved by clear and convincing evidence that it would have taken all five personnel actions even absent the appellant's protected whistleblowing.[11] PFR File, Tab 3 at 16. The appellant claims that the agency failed to meet its clear and convincing burden for all five personnel actions. *Id.* at 16-27. She asserts that the evidence relied on to support her probationary termination was "woefully deficient to support any adverse action" considering that the agency rescinded it shortly thereafter as erroneous. *Id.* at 16-17. She further asserts that the agency officials involved in her probationary termination had a strong motive to retaliate because she disclosed wrongdoing by her former CCD supervisor, K.Y., and she disclosed a hostile work environment in the CCD, which was substantiated by an agency investigation that specifically criticized CCD leadership. *Id.* at 17-18; W-2 AF, Tab 5 at 44-45. Moreover, she contends that the administrative judge failed to undertake "any detailed analysis of the *Carr* factors" and misstated the facts that supported the agency's actions. PFR File, Tab 3 at 19, 22-24. For the reasons set forth below, we agree that the administrative judge's *Carr* factor analysis is incomplete.

The administrative judge found that the appellant, A.D., and the WHS Acting Deputy Director all testified credibly during the 2-day hearing. ID at 10-11. Nevertheless, the administrative judge found that the agency proved by clear and convincing evidence that it would have taken all five personnel actions even in the absence of the appellant's whistleblowing. The administrative judge found that the appellant's misconduct, i.e., sending mass emails that disparaged contractor staff in violation of A.D.'s orders, deserved some discipline (as described in the June 9, 2015 LOR). ID at 26. She further found that, although A.D. was improperly advised by Human Resources (HR) staff to

---

[11] To the extent that the appellant asserts on review that the administrative judge improperly shifted the agency's clear and convincing burden to herself, PFR File, Tab 3 at 24, 26, the appellant has not described how the administrative judge shifted that burden to her, nor do we find any error by the administrative judge.

terminate the appellant during her probationary period, this error was not based upon the appellant's whistleblowing because there was no evidence that the HR staff knew of the appellant's whistleblowing activity. *Id*. The administrative judge found further that none of the appellant's CCD coworkers who made the same disclosures to the WHS Acting Deputy Director and A.D. suffered any disciplinary action because of those disclosures, ID at 26; that there was no connection between the appellant's performance evaluation or her use of 80 hours of LWOP and her whistleblowing, ID at 27; and that the appellant's reassignment to the BCTF upon her reinstatement, with its concomitant change in her communications duties, was made by a different WHS official who wanted to give the appellant a fresh start in an important and respected WHS office, ID at 27.[12]

Although the administrative judge made some findings about the strength of the evidence in support of the appellant's probationary termination and the June 9, 2015 LOR, ID at 26-28, she did not make any findings about the existence and strength of any motive to retaliate by the agency officials who were involved in any of the personnel actions at issue (*Carr* factor 2).[13] An initial decision must identify all material issues of fact and law, summarize the evidence, resolve

---

[12] The administrative judge also noted that the appellant previously requested reassignment from the CCD to a different unit within WHS before her now-rescinded probationary termination. ID at 27; HT1 at 67 (testimony of the appellant).

[13] The administrative judge's minimal *Carr* factor 1 evaluation of the appellant's performance appraisal, reassignment to the BCTF, and use of 80 hours of LWOP was limited to finding no connection between the appellant's whistleblowing and these personnel actions. ID at 27. Moreover, it appears that the administrative judge used an inappropriate *Carr* factor 1 standard for these personnel actions. The Board has recognized that *Carr* factor 1 does not apply straightforwardly when the personnel action is not disciplinary and, therefore, does not require supporting evidence of misconduct. *See Gonzales v. Department of the Navy*, 101 M.S.P.R. 248, ¶ 12 (2006). Rather, the Board must consider whether the agency had legitimate reasons for imposing the action when evaluating the strength of the agency's evidence. *Id*. Thus, on remand, the administrative judge must thoroughly analyze the appellant's performance appraisal, reassignment to the BCTF, and use of 80 hours of LWOP under this appropriate *Carr* factor 1 standard.

issues of credibility, and include the administrative judge's conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 14 (2015). The U.S. Court of Appeals for the Federal Circuit has held that, although the agency's treatment of similarly situated whistleblowers "may illuminate any motive to retaliate under *Carr* factor 2, it does not show the agency's treatment of non-whistleblower employees accused of similar misconduct, the precise inquiry considered under *Carr* factor 3." *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018).

The appellant contends that A.D. had a strong motive to retaliate because her disclosures of a hostile work environment led directly to the agency's March 2015 Assessment Report, which found that leadership in the CCD was "not effective" and the "number one concern expressed throughout the assessment." PFR File, Tab 3 at 17-18; W-2 AF, Tab 5 at 45; Hearing Transcript (October 17, 2017) (HT2) at 263 (testimony of A.D.). The Assessment Report's conclusions about CCD leadership, however, focused almost exclusively on K.Y., the former supervisor, and E.S., a contract supervisor, not A.D., whom WHS had promoted 2 months earlier to fix the hostile work environment in the CCD. W-2 AF, Tab 5 at 45. Nevertheless, responsible agency officials "may well be motivated to retaliate even if they are not directly implicated by the disclosures" at issue. *Whitmore*, 680 F.3d at 1370.

The administrative judge also never made any findings about the agency's treatment of similarly situated non-whistleblowers (*Carr* factor 3). The administrative judge noted that A.D. never disciplined the appellant's CCD coworkers who made the same December 2014 and January 2015 disclosures, but she did not describe which *Carr* factor this fact supported or how this affected her overall analysis of the agency's clear and convincing burden. An agency need not introduce evidence of every *Carr* factor to prove its case, but the "risk associated with having no evidence on record" for a particular factor falls on the

Government. *Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (noting that, although the absence of any evidence relating to *Carr* factor 3 can effectively remove that factor from the analysis, the Government bears the risk associated with having no evidence on record for this factor); *see Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 36 (2015) (describing how the Board does not view the *Carr* factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but will weigh the factors together to determine whether the evidence is clear and convincing as a whole), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016); *see also Siler*, 908 F.3d at 1299 (holding that *Carr* factor 3 cannot favor the Government when the Board finds an absence of relevant comparator evidence). The appellant alleged that agency officials, including A.D., treated K.Y., her non-whistleblower former CCD supervisor who failed to submit required telework reports, differently by failing to discipline her. PFR File, Tab 3 at 18; HT2 at 234 (testimony of A.D.). The administrative judge did not address this allegation. We make no finding as to whether K.Y. is an appropriate comparator under *Carr* factor 3 and leave it for the administrative judge to make that determination in the first instance on remand. *See Whitmore*, 680 F.3d at 1373 (noting that "[d]ifferences in kinds and degrees of conduct between otherwise similarly situated persons within an agency can and should be accounted for to arrive at a well-reasoned conclusion regarding *Carr* factor three.").

Thus, we agree with the appellant that the administrative judge's *Carr* factor analysis is incomplete. We vacate all of the administrative judge's findings regarding the agency's clear and convincing burden and remand this appeal to the Washington Regional Office for further adjudication. On remand, the administrative judge may further develop the record and, if necessary, hold a supplemental hearing. The administrative judge must explicitly address all three *Carr* factors on remand. *See, e.g., Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶¶ 23-24 (2013) (remanding the case to the administrative

judge for an assessment of the clear and convincing issue, including rendering credibility determinations); *Massie v. Department of Transportation*, 118 M.S.P.R. 308, ¶¶ 7-8 (2012) (remanding the case for consideration of the evidence as a whole under *Whitmore*).

## ORDER

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.